Robert R. Pohls (California Bar #131021)
Stacey L. Leask (California Bar #233281)
**POHLS & ASSOCIATES**
12657 Alcosta Boulevard, Suite 150
San Ramon, California  94583
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

Attorneys for Defendant **State Farm Life Insurance Company**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA GRANT, As Executrix of the Estate of George Grant,<br><br>     Plaintiff,<br><br>     vs.<br><br>STATE FARM LIFE INSURANCE COMPANY, and DOES 1 - 100, inclusive,<br><br>     Defendant. | Case No.  2:05-CV-02389-FCD-KJM<br><br>**STIPULATION RE PROTECTIVE ORDER GOVERNING DISCOVERY AND/OR EXCHANGE OF CONFIDENTIAL INFORMATION; ORDER**<br><br>**(Court's modifications shown in strikeout/underline format)** |

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties in the above-captioned action, subject to the approval of the Court, that the following Stipulation and Protective Order shall govern the handling of documents, testimony, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties (the "Producing Party") to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

1.     Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, commercially-sensitive or personally-sensitive information that requires the protections provided in this Stipulation ("Confidential

Discovery Material"). The parties may properly designate as Confidential Discovery Material, all non-public materials containing information including, but not limited to: financial or business plans or projections; proposed strategic transactions or other business combinations; board of directors' meetings or deliberations; trade secrets; proprietary technical information; business and marketing plans and strategies; studies or analyses by internal or outside experts; financial or tax data; actuarial data; dividend-related data; computer software; customer lists and information; competitive analyses; costs of goods and services; pricing of goods and services; current personnel; product development and planning; financial results or data; or personal financial information or any other information that such party is required by law or the policy of State Farm Life Insurance Company ("State Farm") to maintain as confidential information. Nothing set forth in the foregoing listing of Confidential Discovery Material shall be construed as signifying that plaintiff agrees that any document is confidential.

      2.     Any Producing Party may also apply for an order to supplement the foregoing categories of Confidential Discovery Material or to designate particular documents not within the foregoing categories as confidential Discovery Material. The designation by any Producing Party of any Discovery Material as "Confidential" or "Confidential: For Attorneys' Eyes Only" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a valid basis for such designation.

      3.     Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation, and any appellate proceeding arising therefrom, and shall not be used for any other purpose, including, without limitation, any business, litigation or commercial purpose.

      4.     The designation of Discovery Material as "Confidential" or "Confidential: For Attorneys' Eyes Only" for purposes of this stipulation shall be made in the following manner by any Producing Party:

          (1)     in the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Confidential: For Attorneys' Eyes Only" to each page containing any confidential Discovery Material,

except that in the case of multipage documents bound together by staple or other permanent binding, the legend "Confidential" or "Confidential: For Attorneys' Eyes Only" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material; and

(2) in the case of depositions or other pretrial testimony: (i) by an oral statement on the record by counsel, at the time of such disclosure that certain information or testimony constitutes Confidential Discovery Material, or, in appropriate circumstances, that the entire deposition transcript is so designated; or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receiving a copy of the transcript thereof; and in all instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. With respect to depositions, only those portions of the transcripts designated as "Confidential" or "Confidential: For Attorneys' Eyes Only" in these actions shall be deemed Confidential Discovery Material.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court; and

(3) the failure to designate in the manner described in section 4(1) or section 4(2) any document, deposition testimony or pretrial testimony as "Confidential" or as containing Confidential Discovery Material does not constitute a waiver of such claim.

5. Discovery Material designated "Confidential" may be summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(1) Inside or outside counsel who represent parties that have appeared in this Litigation, and regular and temporary employees of such counsel necessary to assist in the conduct of the Litigation for use in accordance with this Stipulation and Protective Order;

///

   (2) experts or consultants, to the extent necessary to assist counsel in connection with this Litigation;

   (3) witnesses or deponents not covered by or identified by any other subparagraph hereof; and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in this Litigation;

   (4) such of the directors, officers, and employees of State Farm Life Insurance Company and any such parent, subsidiaries or affiliates thereof, including State Farm Mutual Automobile Insurance Company, and such of the former directors, officers, and employees of the former State Farm and any such parent, subsidiaries or affiliates thereof as are assisting in this Litigation;

   (5) the parties, to the extent necessary to assist in the conduct of the Litigation for use in accordance with, this Stipulation and Protective Order;

   (6) the Court~~, pursuant to Paragraph 7 of this Stipulation and Protective Order~~;

   (7) court reporters employed in connection with this Litigation; and

   (8) any other person only upon order of the Court or upon stipulation of the Producing Party.

  6. Confidential Discovery Material shall be provided to persons listed in Paragraph 5(1), 5(2), 5(3) and 5(5) only if such person signs an undertaking in the form attached as Exhibit A hereto.  Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Protective Order and may not be disclosed other than pursuant to the terms thereof.

  7. Discovery Material designated "Confidential: For Attorneys' Eyes Only" may be summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

///

///

    (1) inside or outside counsel who represent parties that have appeared in this Litigation, and regular arid temporary employees of such counsel necessary to assist in the conduct of the Litigation for use in accordance with this Stipulation and Order;

    (2) the parties, to the extent necessary to assist in the conduct of the Litigation for use in accordance with this Stipulation and Protective Order;

    (3) the Court, pursuant to Paragraph 7 of this Stipulation and Order;

    (4) court reporters employed in connection with this Litigation; and

    (5) any other person only upon order of the court or upon stipulation of the party that produced the confidential Discovery Material.

  8. All documents of any nature, including briefs, which have been designated as "Confidential" or "Confidential: For Attorneys' Eyes Only" ~~are~~ to be filed with the Court <u>shall be made the subject of a request to seal as provided for by the Local Rules. The Court shall determine whether all or part of a document covered by a request to seal shall be sealed.</u> ~~under seal and kept under seal until further order of the court. Where possible only confidential portions shall be filed under seal.~~

  9. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Protective Order shall not:

    (1) operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

    (2) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedure set forth herein constitute adequate protection for any particular information deemed by any party to be confidential Discovery Material;

    (3) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

(4) prejudice in any way the rights of a party to Seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

(5) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(6) prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

10. This Stipulation and Order has no effect upon, and shall not apply to, the Producing Party's use of Discovery Material, including its Confidential Discovery Material, that it has produced.

11. The inadvertent production of any document or other information during discovery in the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product.  No party or entity shall be held to have waived any rights by such inadvertent production.  Upon written request by the inadvertently producing party or entity, the receiving party shall (a) return the original and all copies of such documents and (b) shall not use such information for any purpose until further order of the Court<u>, if an order is required to resolve a dispute between the parties</u>.

12. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Stipulation and Protective Order.

13. It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery in this Litigation.  Any paragraph, provision, or procedure set forth in this Order may be amended or modified by the Court <u>on its own motion or</u> upon motion by any party after notice to the opposing party or parties, and any party may challenge a confidential designation by motion after notice to opposing party.

14. The parties agree to be bound by the terms of this Stipulation and Protective Order pending the entry of this Stipulation and Protective Order, or an alternative thereto which is satisfactory to all parties, by the Court, and any violation of its terms shall be subject to the same actions and penalties, as if this Stipulation and Protective Order had been entered by the Court.

15. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within thirty (30) days after receiving notice of the entry of an order, judgment, or degree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, all persons having received Confidential Discovery Material (not including the Court) shall either make a good faith effort to return such material and all copies thereof (including summarize and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact by an affidavit sworn to by a person with personal knowledge of such destruction. Outside counsel for the parties shall be entitled to retain its court papers, deposition and trial transcripts, and attorney work product (including discovery material containing Confidential Discovery Material) provided that such outside counsel, and employees of outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All Any materials returned to the parties or their counsel by the Court at any time likewise shall be disposed of in accordance with this paragraph.

16. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for any order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Protective Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

17.     In the event that any party appeals from any decision of the trial court in this Litigation, the parties hereto agree to undertake whatever actions are necessary, if any, to maintain under seal the documents <u>approved for filing under seal by</u> ~~filed with~~ the trial court which contain or disclose Confidential Discovery Material.

18.     In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use.  Counsel shall confer on <u>and recommend to the Court</u> such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.  <u>The Court shall determine the procedures actually used and the status of any documents used in any court proceeding.</u>

19.     If any person receiving documents covered by this Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action 'to which he, she, or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking Discovery Material which was produced or designated as "Confidential" or "Confidential: For Attorneys" Eyes Only" by someone other than the Receiver, the Receiver shall give prompt actual written notice, by hand or facsimile transmission within forty-eight (48) hours of receipt of such subpoena, demand, or other legal process, to the Producing Party for the Discovery Material so requested.  The Receiver shall not produce the Discovery Materials until ninety-six (96) hours after giving such notice, unless required to do so by the subpoena, demand, or other legal process, in which case, the Receiver shall not produce the Discovery Material until within ten (10) hours of the latest time legally permissible.  Should the person seeking access to the Confidential Discovery Material take action against the Receiver or anyone else covered by this order to enforce such a subpoena, demand or other legal process, the Receiver shall respond by setting forth the existence of this Order.  Beyond responding by setting forth the existence of this stipulation and Order, the Receiver shall have no further obligations with respect to such actions to enforce such a subpoena, demand, or legal

process. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this court.

IT IS SO STIPULATED.

**LAW OFFICES OF TIM A. PORI**

DATED: _____, 2007       _____[1]
Tim A. Pori
William Conwell
Attorneys for Plaintiff **Donna Grant, as Executrix of the Estate of George Grant**

IT IS SO STIPULATED.

**POHLS & ASSOCIATES**

DATED: _____, 2007       _____
Robert R. Pohls
Stacey L. Leask
Attorneys for Defendant **State Farm Life Insurance Company**

**ORDER**

IT IS SO ORDERED.

DATED: February 8, 2007.         _____
U.S. MAGISTRATE JUDGE

---

[1] The Court acknowledges receipt of a copy of the stipulation signed by counsel.

**STIPULATION RE PROTECTIVE ORDER GOVERNING DISCOVERY AND/OR EXCHANGE OF CONFIDENTIAL INFORMATION; ORDER**
Case No. 2:05-CV-02389-FCD-KJM                                    Page 9